## BERRY v. THE STATE.

An indictment which charges one with breaking and entering a railroad-car with intent to steal the goods, wares, and freight therein contained, and, after so breaking and entering, stealing therefrom certain articles of value, does not contain a misjoinder of two offenses in one count.

Submitted January 15,—Decided February 15, 1906.

Indictment for breaking and entering a railroad-car, etc. Before Judge Felton. Bibb superior court. November term, 1905.

Wade Berry was arraigned upon an indictment which charged that he "did break and enter a railroad-car of the Central of Georgia Railway Co., with the intent to steal the goods, wares, and freight therein contained, and, after so breaking and entering, did steal therefrom one hand-satchel of the value of twelve dollars," etc. The accused filed a special demurrer to the indictment, on the ground that in one count it sought to charge him with two offenses; first, that he broke and entered a railroad-car with intent to steal therefrom; and second, that he did steal therefrom certain named articles. This demurrer was overruled. The accused thereupon filed a written motion to require the State to elect upon which of the two alleged offenses it would proceed against him, and this motion was overruled. To these rulings the accused excepted.

*R. S. Wimberly* and *E. W. Maynard,* for plaintiff in error.
*William Brunson, solicitor-general,* contra.

COBB, P. J. (After stating the foregoing facts.) The indictment was framed under the Penal Code, §184, which is in the following language: "Any person who shall break and enter any railroad-car with intent to steal any goods, wares, freight, or other thing of value being therein, or who shall, after breaking, steal therefrom any goods, freight, or other thing of value being therein, shall be punished by confinement in the penitentiary for not less than one nor more than five years." This section embraces two offenses. The one is committed where the railroad-car is broken and entered with intent to steal, although that intent may not be carried into effect, and the other is where there has been a breaking and entering of the car, and an actual stealing therefrom. The indictment charging the first offense must allege that the breaking and entering was with the intent to steal, and this intent to steal may be alleged by an averment that, after breaking and entering, the accused did steal. Properly construed, the indictment under consideration is of this character. It charges the breaking and entering of the car, and, after breaking and entering, the stealing therefrom. The averment as to the stealing from the car was evidently not intended by the pleader to charge a distinct offense, but simply to illustrate the intent of the accused at the time of breaking and entering. When the indictment is so construed it does not charge two offenses. The case is very similar to an indictment for burglary, which charges the breaking and entering with intent to steal, and then, illustrative of the intent, charges that after the breaking and entering a larceny was committed. See, in this connection, *Houser* v. *State,* 58 *Ga.* 78; *Stokes* v. *State,* 84 *Ga.* 258. In *Williams* v. *State,* 60 *Ga.* 88, the ruling was simply that a misjoinder of counts in an indictment would not be a good ground for a motion in arrest of judgment. It is true that Mr. Chief Justice Warner in that case took occasion to to say that the indictment under consideration would have been held bad on special demurrer, but no such question was directly involved in the case, and what was said on the subject is therefore not binding as authority. The indictment is not set out in the report of the case, and it may be that the larceny was so charged as to make it a complete offense, not merely an averment as to intent. If, however,

the indictment did allege the larceny simply as an averment of intent, the remarks by the learned Chief Justice as to the invalidity of the indictment are in conflict with direct rulings of the court upon the subject of the sufficiency of an indictment for burglary. As the indictment did not charge two offenses, of course there was nothing in the motion to require the State to elect upon which count it would rely. There was no error in either of the rulings complained of.

*Judgment affirmed.   All the Justices concur.*