## 35177. HOPPER v. HAMPTON.

UNDERCOFLER, Presiding Justice.

Al W. Hampton was tried and convicted for burglary and aggravated assault, and sentenced to serve 15 years and 12 months concurrently, respectively. He filed a petition for habeas corpus alleging that the burglary indictment was fatally defective in failing to allege specifically the felony, he "without authority, and *with intent to commit a felony therein,* entered the dwelling house . . ." to commit. The habeas court granted his petition and the state, through the warden, appeals. We reverse.

Hampton relies on *State v. Lockhart,* 24 Ga. 420 (1858), and *Ealey v. State,* 136 Ga. App. 292 (221 SE2d 50) (1975), holding that such specificity is necessary. Neither case, however, is a habeas corpus case. In *Lockhart,* supra, the challenge to the indictment was made by the guarantor on the defendant's appearance bond and in *Ealey,* supra, on direct appeal. These facts distinguish these cases.

The general rule is that substantive defects, such as the indictment fails to allege conduct which constitutes a crime, are cognizable on habeas corpus because the entire proceedings were void ab initio. E.g. *McCain v. Smith,* 221 Ga. 353 (144 SE2d 522) (1965). Where, on the other hand, the defect is merely one of form, the defect is waived if not raised prior to trial. E.g. *Hopper v. Kemp,* 236 Ga. 615 (225 SE2d 15) (1976) (names of grand jurors not listed); *Tolever v. Smith,* 224 Ga. 270 (161 SE2d 266) (1968) (date offense committed not shown). We find that the requirement that the felony be specified falls in the latter category.

As long as the defendant is informed of the charges against him so that he may present his defense at trial and not be surprised by the evidence against him, as well as protect against another prosecution for the same offense, the indictment is sufficient. *Byers v. State,* 236 Ga. 599 (225 SE2d 26) (1976); Berger v. United States, 295 U. S. 78 (55 SC 629, 79 LE 1314) (1934). We find these criteria are met here and hold the indictment sufficient. The habeas court erred in ruling otherwise.

*Judgment reversed. All the Justices concur.*

SUBMITTED AUGUST 30, 1979 — DECIDED SEPTEMBER 26, 1979.

*Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellant.
*Thomas J. Killeen,* for appellee.