### 35478. CARGILE v. THE STATE.

UNDERCOFLER, Presiding Justice.

Cargile was arrested by Union City police and cited for "driving under the influence," Ga. L. 1974, pp. 633, 671 (Code Ann. § 68A-902).[1] We granted this application for interlocutory appeal from an order of the State Court of Fulton County denying appellant's motion to quash the accusation in order to consider the constitutional attack made upon the statute.

Cargile was stopped within the limits of Union City at 1:14 a.m. for operating a van which was "weaving in the

---

[1]In pertinent part, Code Ann. § 68A-902 reads: "Drivers with ability impaired by alcohol or drugs. (a) A person shall not drive or be in actual physical control of any moving vehicle while: (1) Under the influence of alcohol; (2) Under the influence of any drug to a degree

roadway, crossed the centerline and ran off the road twice." A traffic ticket purporting to be a "Georgia Uniform Citation, Summons, Accusation (SSHR — Ga. — 06006)" was issued by the police which carried the charge, "D.U.I. Refused." Appellant was summoned to appear on September 1, 1977, in the City Court of Union City where it is presumed he pled "not guilty," was released on bond and bound over to the State Court of Fulton County for trial. Cargile then filed a motion to quash the original traffic citation on grounds it was unconstitutional and invalid as being "neither an indictment, an accusation nor a uniform citation developed by the director of the department of public safety . . ." See Ga. L. 1972, pp. 1148, 1149 (Code Ann. § 92A-2701). Prior to the pretrial hearing, the solicitor filed a new accusation, supported by an affidavit signed by a clerk of that office, Virginia Jones, in which she deposed that from the "best of her knowledge and belief — Owen Cargile, Jr., — is guilty of the offense of MISDEMEANOR, in that the said accused, in the County of Fulton, on the 7th day of August, 1977, did operate a motor vehicle on Georgia Highway 138, while under the influence of alcohol, to a degree which rendered him incapable of safely driving, contrary to law." The accusation followed, using the identical language of the affidavit, named Virginia Jones as the prosecutrix and was signed by the solicitor general of the State Court of Fulton County.

A motion to quash this substitute accusation was also filed. The motions were consolidated, testimony and evidence considered by the court and in findings of fact and conclusions of law, the court: (1) held the original citation did not comport with the requirements of the law that the citation be uniform and did not refer to or contain an affidavit; (2) held § 68A-902(a)(1) does not require an individual to be under the influence of alcohol to such an extent as to render him incapable of safely driving a motor vehicle; (3) found the substitute accusation issued by the

which renders him incapable of safely driving; or (3) Under the combined influence of alcohol and any drug to a degree which renders him incapable of safely driving . . ."

solicitor's office was based solely upon a written, unverified report of a police officer and that Virginia Jones, affiant, had no personal knowledge of the misdemeanor offense and it was not based upon personal conversation with the officer or anyone else, a fact stipulated to by the solicitor's office. However, as a conclusion of law, the court found that appellant's attack upon the original citation stated a correct principle of law but the subsequent accusation superseded that citation, and that the subsequent affidavit superseded the lack of an affidavit upon the original citation. The court then held the statute constitutional and issued a certificate of immediate review.

1. We hold the language of Ga. L. 1974, pp. 633, 671 (Code Ann. § 68A-902(a)(1)) constitutional for the same reasons set forth in *Cook v. State,* 220 Ga. 463, 465-466 (2) (139 SE2d 383) (1964). There we held the predecessor statute, Code Ann. § 68-1625(a), passed constitutional muster when attacked on grounds that it was "so broad, general, vague, and indefinite" that reasonable minds may differ as to its interpretation.[2] "Alcohol . . . is the intoxicating principle . . ." contained in wine, beer, whiskey and the other fermented and distilled liquors. Webster's Third International Dictionary. We hold the phrase "driving under the influence of alcohol" is universally recognized and understood, and it is not deficient because indefinite or unintelligible. We find no constitutional infirmity in the phrase "under the influence of alcohol" appearing in Code Ann. § 68A-902(a)(1) because sub-sections (2) and (3) set forth the additional criteria, "to a degree which renders him incapable of safely driving." As stated in *Cook v. State,* supra, ". . . a person is under the influence of intoxicating

---

[2]This statute reads in pertinent part: "It shall be unlawful . . . for any person who is under the influence of intoxicating liquor to drive or operate any vehicle within this state . . ." Code Ann. § 68-1625(a). (Based upon Ga. L. 1953, Nov. Sess., pp. 556, 575; 1966, pp. 70, 71; 1968, pp. 448, 449; 1974, p. 562. Repealed by Ga. L. 1974, pp. 633, 691.)

liquor when it appears that it is less safe for such person to operate a motor vehicle than it would be if he were not so affected." We fail to see a difference between "it is less safe for such person to operate a motor vehicle" and "renders him incapable of safely driving" but assuming there is a difference it does not impair the constitutionality of sub-section (1).

2. The "uniform" traffic citation issued by Union City police is defective. See *Hyatt v. State,* 134 Ga. App. 703, 706 (2) (215 SE2d 698) (1975). However, the state is not prohibited from issuing a subsequent accusation, if properly supported by a valid affidavit of the officer issuing the original traffic citation or another person who deposes upon his "knowledge and belief." See *Hutto v. State,* 116 Ga. App. 140, 142 (156 SE2d 498) (1967). "Oftentimes affiant's knowledge of matters stated in his affidavit must, of necessity, rest upon information derived from others; and where this is the case, it is generally sufficient if he aver that such matters are true to the best of his knowledge and belief." *Herring v. State,* 119 Ga. 709, 717 (46 SE 876) (1904). It is not required, as appellant contends, that an affiant base his affidavit solely upon information he received from a verified source. "An affidavit showing facts justifying a judicial determination . . . is not rendered insufficient merely because it shows upon its face that some or all of the facts recited therein come to the affiant upon information furnished by others, and that such facts are not within the personal knowledge of the affiant." *Strauss v. Stynchcombe,* 224 Ga. 859(2)(a) (165 SE2d 302) (1968). Accord, *Johnston v. State,* 227 Ga. 387 (181 SE2d 42) (1971).

*Judgment affirmed. All the Justices concur, except Jordan and Hill, JJ., who concur in the judgment only.*

ARGUED OCTOBER 10, 1979 — DECIDED NOVEMBER 21, 1979 — REHEARING DENIED DECEMBER 19, 1979.

*Moffett & Henderson, F. Glenn Moffett, Jr., L. Prentice Eager, III,* for appellant.

*Charles Hadaway, Assistant Solicitor,* for appellee.