## 59408. VANN v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals the denial of his motion for a new trial after his conviction for driving under the influence of alcohol. *Held:*

1. Contrary to defendant's claim we find the evidence sufficient to authorize a rational juror to find him guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The allegation of the accusation was that defendant unlawfully drove an automobile "in an intoxicated condition and while under the influence of intoxicating liquors, wines, beers and drugs . . ." The evidence showed only alcoholic intoxication. Defendant

contends there was a fatal variance between the allegation and the proof because there was no proof of any alleged drug intoxication. Code Ann. § 68A-902 (a) (Ga. L. 1974, pp. 633, 671) provides: "A person shall not drive or be in actual physical control of any moving vehicle while: (1) Under the influence of alcohol; (2) Under the influence of any drug to a degree which renders him incapable of safely driving; or (3) Under the combined influence of alcohol and any drug to a degree which renders him incapable of safely driving."

" 'When a defendant is charged with the violation of a penal statute containing disjunctively several ways or methods a crime may be committed, proof of any one of which is sufficient to constitute the crime, the indictment, in order to be good as against a special demurrer, must charge such ways or methods conjunctively if it charges more than one of them. [Cits.] Accordingly, on the trial of a defendant under an indictment so charging, it is not incumbent upon the state to prove all of such separate ways or methods alleged in the indictment, but the state makes a prima facie case upon its establishment by proof of any one of them.' *Jones v. State,* 75 Ga. App. 610 (4) (44 SE2d 174)." *Leverenz v. State,* 140 Ga. App. 632, 634 (231 SE2d 513). Since Code Ann. § 68A-902 (a), supra, is disjunctive and the accusation conjunctive with one of the conjunctives proven, there is no variance; only a failure to prove more than one of the several ways the crime could have been committed.

3. In connection with the preceding division, the trial court did not err in not charging on drug intoxication. There is no duty to charge on possible issues in a case which are not supported by evidence. *Pullen v. State,* 146 Ga. App. 665 (3) (247 SE2d 128); *Franklin v. State,* 136 Ga. App. 47 (2) (220 SE2d 60).

4. The arresting police officer testified that after he stopped defendant and determined that defendant had been drinking, he placed defendant under arrest and read him the implied consent law, including the requirement of taking a breath test for alcohol. Over an objection of irrelevant and immaterial, he also testified that he informed defendant that if he failed to take the test his driver's license could be suspended for six months.

Defendant claims that since he took the test, the admission of the consequence of not taking it was not only immaterial but also possibly prejudicial. "An objection to the admission of evidence on the ground that it is 'immaterial and irrelevant' is not such an objection as it would be reversible error to overrule." *Pippen v. State,* 205 Ga. 316 (6) (53 SE2d 482); *Wilson v. State,* 151 Ga. App. 501, 503 (260 SE2d 527). In addition, since harmless error results from charging the implied consent law when there is no issue for the jury (see Division 5 below), we fail to find any harm arising from irrelevant evidence that defendant was informed of the particulars of the law.

5. The substance of the implied consent law was included in the charge to the jury, which defendant claims was error as the law was not in issue. "[W]here there is no jury question as to consent, the giving in charge of the substance of the implied consent law is harmless error. [Cits.]" *Hardeman v. State,* 147 Ga. App. 120 (2) (248 SE2d 189).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED FEBRUARY 13, 1980 — DECIDED MARCH 4, 1980.

*Harl C. Duffey, Jr.,* for appellant.
*F. Larry Salmon, District Attorney, Stephen F. Lanier, Assistant District Attorney,* for appellee.

