## 60283. DRINKARD v. THE STATE.

McMURRAY, Presiding Judge.

By accusation defendant was charged with the offense of a misdemeanor (shoplifting), that is, she "did unlawfully take women's clothing, the property of Sky City, with a value of——, with the intention of depriving said owner of said property." Defendant was arraigned, pleaded not guilty, and after a nonjury trial was found guilty and sentenced to serve ten days, pay a fine of $50 and $20 as restitution, when fully paid to be disbursed to Sky City. The sentence also stated that upon restitution the ten day sentence would be suspended. Defendant appeals. *Held:*

1. Counsel for the defendant, contending that she had not received a copy of the accusation on arraignment day, contends that she did not realize that the accusation was legally defective in not alleging the value of the articles taken. Hence she sought to demur orally to the accusation as being legally defective. The motion was denied as being untimely and the case proceeded to trial. The accusation charged a misdemeanor. Code Ann. § 26-1802.1 (b) (Ga. L. 1978, pp. 2257, 2258) specifically states that if the property allegedly involved in shoplifting is less in value than $100 it "shall be punished as for a misdemeanor." If there is any evidence that the property subject to theft is of some value the conviction can be sustained. *Dotson v. State,* 144 Ga. App. 113, 114 (2) (240 SE2d 238). Hence the value of the alleged stolen item is relevant only for the purpose of distinguishing between a misdemeanor and a felony. *Stancell v. State,* 146 Ga. App. 773 (2) (247 SE2d 587). The accusation was not subject to general demurrer or motion to quash. Consequently, we find no merit in this enumerated error. Defendant had waived any objection (special demurrer) to the accusation in failing to file her

demurrer in writing upon being arraigned. See Code § 27-1501. *Dillard v. State,* 147 Ga. App. 587, 588 (2) (249 SE2d 640); *Megar v. State,* 144 Ga. App. 564, 565 (3) (241 SE2d 447).

2. The state's evidence discloses that the store manager, a security guard, and another state's witness, while drinking coffee in the Sky City Department Store, observed the defendant with a "big old handbag," "stuffing a garment" in it from a clothing rack containing skirts and jackets and, as one states, "blouse, pants, skirt, they were all right there together." However, the witnesses were unable to determine which item of clothing the defendant was stuffing in her pocketbook. They testified that when she observed them watching her she immediately left the store and jumped in her automobile. They followed her, and to prevent her leaving the security guard removed the key to her car. They requested her to return to the store and she said she would if they would give her the key back. Whereupon the security guard gave her back the keys after she had gotten out of the car. She immediately jumped in the car with the keys and took off. The police were called, but by the time the police arrived defendant had returned to the front of the store to pick up other passengers. Upon her arrest no clothing was found in her pocketbook, although one of the witnesses testified that he observed her putting clothing in her pocketbook at the rack and during the altercation with her outside the store he also observed the article of clothing in her pocketbook, although he could not testify as to whether it was a blouse, pants, or skirt. The manager of the store testified as a witness that in his opinion as to value the item of clothing had a range of $17.97 to $23.97, based upon 7 years of knowledge and work in the retail business, pricing the merchandise and helping hang it up and put it on the racks.

After a careful review of the trial transcript and record we find, and so hold, that a rational trier of fact (the judge in the case sub judice) could reasonably have found the defendant guilty beyond a reasonable doubt of the shoplifting, in this instance, a misdemeanor. See *Moses v. States,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Whatley v. State,* 151 Ga. App. 174, 175 (259 SE2d 175).

The trial court did not err in refusing to direct a verdict of acquittal at the close of the state's case inasmuch as every element of the alleged crime had been proven. The other enumerations of error complaining of the refusal to direct a verdict of acquittal and in not proving the element of value as to the crime of shoplifting are not meritorious.

*Judgment affirmed. Smith and Banke, JJ., concur.*

Submitted July 2, 1980 — Decided September 8, 1980.

*Margaret N. Dyal,* for appellant.
*Ollie M. Stowe, Solicitor, James E. Cornwell, Jr., Assistant Solicitor,* for appellee.