## 66425. JONES v. THE STATE.

BANKE, Judge.

In this appeal from his conviction for driving with "ability impaired by alcohol or drugs" (see former Code Ann. § 68A-902 (now OCGA § 40-6-391)), the defendant's primary contention is that the trial court erred in charging the jury that it would be authorized to find him guilty if it found he had "operated his motor vehicle while under the influence [of alcohol] to the extent that he was a *less safe driver* [because of that consumption]." (Emphasis supplied.) The defendant had requested a charge to the effect that the use of alcohol must have rendered him "incapable of safely driving." *Held:*

1. In *Cargile v. State,* 244 Ga. 871 (1) (262 SE2d 87) (1979), the Supreme Court was unable "to see a difference between 'it is less safe for such person to operate a motor vehicle' and 'renders him incapable of safely driving.' " It follows that the court's charge set forth a proper standard for the jury's determination of guilt.

2. The defendant enumerates as error the failure of the trial court to make an out-of-court determination concerning the arresting officer's qualifications to offer expert testimony that he (the defendant) was intoxicated. Although there was evidence indicating that the officer was an expert in such matters, there is no requirement that such be shown. Any witness "who has observed an individual may state, based on his observations whether or not an individual was under the influence of alcohol." *Smitherman v. State,* 157 Ga. App. 526 (278 SE2d 107) (1981). The officer's testimony was

predicated on an adequate foundation, and this enumeration of error is consequently without merit.

3. The defendant contends that the trial court erred in charging that in order to find him guilty it must find "that at the time and place, he was under the influence of *some* intoxicating beverages . . ." (Emphasis supplied.) The argument is that the word *some* is not found in the statute and that its use would have been confusing to the jury. We do not agree. This enumeration of error is likewise without merit.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

Decided September 7, 1983 —
Rehearing denied September 22, 1983 — 

*Charles E. Lamkin,* for appellant.
*Alan B. Smith, Solicitor,* for appellee.