## 66920. BRADY et al. v. THE STATE.

SHULMAN, Chief Judge.

Appellants are brothers who were convicted of burglary and armed robbery. In their appeal, they challenge the sufficiency of the evidence and allege several errors on the part of the trial court.

1. Marvin Dempsey testified that he was with Charles Brady when Brady met Jeff Davis and Kenneth Brady at a convenience store. After a conversation from which Demspey was excluded, Davis and Kenneth drove off in a van and Charles made a phone call from a nearby telephone booth. He hurriedly exited the phone booth, returned to Dempsey and told the witness to catch up to the van because "they" were going to rob someone and the victim was at home. Dempsey and Charles found the empty van parked in the driveway of the Robert Storey home. Dempsey refused "to get involved" or to stop at the Storey home, so he drove to his house and allowed Charles to take his car. The next evening, Dempsey met Charles, who showed him some "merchandise" — baseball cards and silver certificates. Dempsey also saw in Charles' possession two guns which Dempsey positively identified as the property of Robert Storey. The witness testified that Charles then told him details of the armed robbery.

Jeff Davis, a co-indictee of appellants, also testified on behalf of the state. He admitted his participation in the armed robbery and burglary and stated that the Brady brothers were also involved. The victims of the armed robbery identified Davis as the armed intruder who entered their home accompanied by others, whom they heard but did not see, and described how they were forced into a closet and bound with duct tape. Other state witnesses included the burglary victim, who stated that a safe containing his baseball card collection and valuable papers was removed from his home, and a police officer who executed a search warrant at Charles Brady's last known address and found baseball cards belonging to the burglary victim and jewelry subsequently identified as having been taken from the Robert Storey home.

The foregoing, somewhat detailed, summary of the evidence presented against the Bradys is necessary in light of their first enumerated error in which they contend that the only evidence against them was that which emanated from the testimony of accomplices Davis and Dempsey, and it was insufficiently corroborated under OCGA § 24-4-8 (Code Ann. § 38-121). Even if we were to assume that the two witnesses were accomplices of the Bradys (an assumption with which the district attorney takes issue insofar as Dempsey is concerned), "[i]t is settled law in this State that the

testimony of one accomplice may be corroborated by the testimony of another accomplice. [Cits.]" *Smith v. State,* 154 Ga. App. 741 (1) (270 SE2d 5). Furthermore, Charles' unexplained recent possession of goods taken in the armed robbery and the burglary has some corroborative value. Thus, the trial court did not err when it denied appellants' motion for new trial based on the general grounds. For the identical reasons, it was not error to deny appellants' motion for directed verdicts of acquittal. There was sufficient evidence from which a rational trier of fact could find appellants guilty of armed robbery and burglary beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. After Dempsey testified that Charles had asked him to look at some "merchandise," defense counsel asked the witness on cross-examination if he had "disposed of any merchandise." An objection was interposed and the court ruled that the manner of impeachment attempted by the defense attorney was not proper. Appellants now argue that their method of attack was proper under *Hines v. State,* 249 Ga. 257 (2) (290 SE2d 911). We disagree. In *Hines,* the Supreme Court held that the trial court improperly cut off all inquiry on a subject with respect to which the defense was entitled to a reasonable cross-examination, i.e., the right to cross-examine a key state's witness concerning criminal charges pending against him. That was not the situation in the case at bar where it appears that defense counsel, by insinuating that the witness was involved in illegal activity without proving the underlying activity, attempted to have a witness impeach himself. Appellants' attempt at impeachment of Dempsey was improper, and the trial court was correct to sustain an objection to the method used.

3. A police detective testified about the search, pursuant to a warrant, of a house trailer in which some of the stolen baseball cards and jewelry were found. When the witness stated that the trailer was that of appellant Charles Brady, appellants' counsel objected to the admission of any testimony regarding the ownership of the trailer in which stolen property was discovered. The witness went on to testify that he ascertained that the house trailer was the residence of Charles Brady by reference to telephone company and post office records, and by his discovery while executing the search warrant of correspondence addressed to appellant. During cross-examination of the same witness, appellants' counsel attempted to inquire into the witness' knowledge of the method of proving title to a mobile home, but an objection to that line of questioning was sustained. These evidentiary rulings are now the subjects of appellate scrutiny.

Appellants contend that proof of Charles Brady's ownership of the mobile home is vital to the state's case against that appellant.

However, one need not be the *owner* of premises in order to be deemed in possession of the goods contained therein. See *Knighton v. State,* 248 Ga. 199, 200 (fn. 1) (282 SE2d 102). The detective testified that the searched premises was the *residence* of appellant Charles Brady, and he informed the jury of the information he had which led him to that conclusion. The referral to Brady as the "owner" of the mobile home was not reversible error in light of the evidence in this case and the law as stated in *Knighton v. State,* supra.

For a similar reason, appellants' rights to a thorough and sifting cross-examination (OCGA § 24-9-64 (Code Ann. § 38-1705)) were not abridged by the sustaining of an objection when appellants' counsel was trying to elicit from the witness the extent of his knowledge as to the proof of ownership of a mobile home in Georgia. The inquiry was irrelevant since ownership is not the sole means by which the state may prove possession.

4. Appellants moved for a mistrial when the state asked a witness if there were outstanding warrants on Kenneth Brady prior to Brady's arrest. Outside the presence of the jury it was ascertained that there were no such outstanding warrants. Based on this response, the trial court refused to grant a mistrial, and the witness repeated his response before the jury. Appellants maintain that the question was prejudicial and placed the character of appellant Kenneth Brady in issue.

While the question as propounded almost certainly invited the witness to place a defendant's character in evidence, there was no harm suffered since the answer was in the negative. Inasmuch as the assistant district attorney trying the case admitted the impropriety of the question in his apology to the court, we see no harmful error.

5. Finally, appellants argue that the trial court erred in its charge to the jury concerning corroboration of accomplice testimony. Because counsel for appellants was never asked if he had any objection to the charge as given, we cannot hold that appellants' right to relief under OCGA § 5-5-24 (Code Ann. § 70-207) was waived under the rule enunciated in *Jackson v. State,* 246 Ga. 459 (271 SE2d 855). See *Lumpkin v. State,* 249 Ga. 834 (1) (295 SE2d 86). Therefore, we must entertain appellants' enumerated error.

The charge now questioned by appellants was an accurate statement of the law as contained in OCGA § 24-4-8 (Code Ann. § 38-121) and this court's decision in *Pitts v. State,* 128 Ga. App. 434, 436 (197 SE2d 495), and was not internally inconsistent as alleged by appellants.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 30, 1983 —
REHEARING DENIED DECEMBER 16, 1983 — 

*G. Hughel Harrison, Samuel H. Harrison,* for appellants.
*W. Bryant Huff, District Attorney, Daniel J. Porter, Assistant District Attorney,* for appellee.