*Assistant District Attorney,* for appellee.

### 67091. EDWARDS v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of driving under the influence of alcohol. He appeals on the general grounds, and also contends the trial court erred by charging the jury that the accusation and defendant's plea of guilty were not to be considered as evidence.

The evidence disclosed that two police officers in a patrol car stopped at a traffic light next to a truck driven by appellant; the truck was in the left turn lane. Appellant's car was only a few inches from the car in front of it and when the left turn signal changed to green, the car in front turned left, but appellant did not move and sat through another change of signals. During this time the officers observed a liquid which they believed to be beer being dumped out of the passenger side of appellant's truck cab. Appellant turned left on the next signal change; the police followed and stopped him about a block away. When appellant got out of the truck he was unsteady on his feet; he had a strong odor of alcohol about him; and he had difficulty finding his driver's license. Two empty beer cans, still cold, were found on the floor of the truck cab. Appellant was belligerent and profane, and refused to let the officers read him the Implied Consent Warning concerning taking an intoximeter test. Appellant and his passenger, who was intoxicated, were taken to the police station. When one of the officers again attempted to read the Implied Consent Warning to appellant, he struck the officer in the face.

Appellant testified that he had three drinks of vodka and orange juice on the night in question, but his driving ability was not impaired. Another defense witness testified that in his opinion, appellant was intoxicated.

1. Appellant contends that because he was not driving erratically or in violation of the law the officers had no right to stop and arrest him. He also argues that because the testimony of the police officers who stopped him was conflicting as to certain details the evidence is not sufficient to support the verdict.

Appellant's actions at the traffic signal were sufficient to justify the officers in making a brief investigatory stop to see if appellant was intoxicated. See *State v. Carter,* 240 Ga. 518 (242 SE2d 28) (1978). Once they determined that appellant was intoxicated and his driving ability was impaired, they were authorized to arrest him for driving under the influence of alcohol. OCGA § 17-4-20 (Code Ann. § 27-207).

Concerning any conflicts in testimony, the weight of the evidence and the credibility of witnesses are questions for the triers of fact, as this court deals only with the sufficiency of the evidence, not its weight. *Miller v. State,* 163 Ga. App. 889, 890 (1) (296 SE2d 182) (1982). We find the evidence sufficient to meet the standards of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. During its charge to the jury the court stated, in part: "I charge you that the accusation, together with the plea of guilty (sic) thereon, is not evidence . . . " Appellant contends this was error because it was a comment on appellant's guilt in violation of OCGA § 17-8-55 (Code Ann. § 81-1104).

It is obvious from the transcript that when the court referred to "the plea of guilty" it was a slip of the tongue, because *immediately* before the charge complained of, the court stated: "Now, to the charge contained in the accusation, the Defendant has entered a plea of not guilty . . ." A mere verbal inaccuracy in a charge, which results from a palpable "slip of the tongue," and clearly could not have misled or confused the jury, is not reversible error. *Gober v. State,* 247 Ga. 652, 655 (3) (278 SE2d 386) (1981).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 24, 1984.

*Sam F. Little,* for appellant.
*Stephen A. Williams, District Attorney, Steven H. Harrison, Assistant District Attorney,* for appellee.