### 67645. THE STATE v. GREENE.

QUILLIAN, Presiding Judge.

The defendant, John W. Greene, Clerk of the Gwinnett County Recorder's Court, was indicted for the offense of Falsifying Public Records, six counts, and one count of Violation of Oath by Public Officer. He was acquitted of the six counts alleging falsification of public records and the trial court sustained a special demurrer to the count alleging he violated his oath of office. The State brings this appeal from the court's ruling sustaining the special demurrer. *Held*:

Defendant's special demurrer alleged that this count "fails to allege any crime of violation of the laws of Georgia" in that it alleged only that he violated his oath by not collecting costs, fines, and forfeitures of convicted and sentenced defendants but merely placed their records in a file marked "To Be Paid." Defendant argued that the indictment did not specify what action he failed to take or what duty he refused to exercise or what powers he had to collect such costs, fines, and forfeitures. The trial court ruled that defendant's demurrer alleging that this count "does not constitute a crime under the laws of this State" was sustained as he agreed with "the contentions" of the defendant.

"A general demurrer challenges the sufficiency of the substance of the indictment, whereas a special demurrer challenges the sufficiency of the form of the indictment." *Bramblett v. State,* 239 Ga. 336, 337 (236 SE2d 580), cert. den. 434 U. S. 1013. Hence, at issue is the sufficiency of the form of the indictment to allege a violation of OCGA § 16-10-1 which provides that "[a]ny public officer who willfully and intentionally violates the terms of his oath as prescribed by law shall, upon conviction thereof, be punished by imprisonment for not less than one nor more than five years."

The indictment alleged that defendant "committed the offense of VIOLATION OF OATH BY PUBLIC OFFICER" in that he "wilfully and intentionally violated the terms of his oath to faithfully administer and discharge the duties of his office . . . in that he did not collect all costs, fines and forfeitures and remit the same in a timely manner

as required by law . . . and that this failure to collect costs, fines and forfeitures continued from 1981 until February 3, 1983 and further that cases were placed in a 'To Be Paid' file and action was not taken when the costs, fines and forfeitures were not paid as ordered and that the duties of the Clerk under the law was to collect said costs, fines and forfeitures and he did not do in the following cases numbered one (1) through four hundred ninety-one (491) . . . and that the failure to collect costs, fines and forfeitures defrauded the citizens of Gwinnett County and the Board of Commissioners of Gwinnett County in that eighty thousand six hundred forty-six dollars ($80,646.00) in fines, costs and forfeitures were not collected in accordance with law, contrary to the laws of said State, the good order, peace and dignity thereof."

The oath taken by the Clerk of the Recorder's Court provides that he shall "faithfully administer and discharge the duties of [his] respective office[] in accordance with the Constitution and laws of the State of Georgia and the ordinances of Gwinnett County." Ga. L. 1972, p. 3129. His duties "shall be to keep a record of all proceedings of said court, to collect all costs, fines and forfeitures, and to remit same by the 15th day of the following month to the Director of Finance of Gwinnett County . . ." Ga. L. 1972, p. 3128. In furtherance of his duties he was "authorized and empowered to issue summons, subpoenas, rules to forfeit bonds, and such other similar rules as may be by law authorized." Id.

"An indictment is required to set forth the elements of the offense sought to be charged. 'The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." ' " United States v. Debrow, 346 U. S. 374, 376 (74 SC 113, 98 LE 92); accord Hopper v. Hampton, 244 Ga. 361, 362 (260 SE2d 73). Our Code also provides that "[e]very indictment of the grand jury which states the offense in the terms and language of this Code or so plainly that the nature of the offense charged may easily be understood by the jury shall be deemed sufficiently technical and correct." OCGA § 17-7-54 (a). All of the elements of the offense of "Violation of oath by public officer" were included in the indictment. OCGA § 16-10-1. The duties of the clerk alleged to have been violated were those taken from Georgia Laws which established the office held by the defendant. Ga. L. 1972, p. 3128. There was a clear exposition of the facts alleged as the basis for the charge set forth in the body of the indictment in such a plain manner as to be easily understood by

the jury and the defendant. They were sufficient to fully apprise the defendant of what he must be prepared to meet. *McKisic v. State*, 238 Ga. 644, 645 (234 SE2d 908).

A second test frequently cited by this court is that an indictment is insufficient to withstand a demurrer if all of the facts which the indictment charges can be admitted and still the accused is innocent, but the indictment is sufficient, if taking the facts alleged as proven, the guilt of the accused follows as a legal conclusion. *Gower v. State*, 71 Ga. App. 127, 128 (30 SE2d 298). If we take the facts alleged in the indictment as proven, a rational juror could reasonably find that the defendant wilfully and intentionally violated his oath to faithfully administer and discharge the duties of his office in that he did not collect and remit all costs, fines and forfeitures, as he was required to do under Georgia law because he placed 491 cases in the "To Be Paid" file rather than pursue collection as it was his duty to do. The statute requires no more. The form of the indictment fully and correctly alleges a violation of OCGA § 16-10-1 sufficient to withstand a special demurrer. Whether defendant's actions constitute such a violation is not before us.

*Judgment reversed. Birdsong and Carley, JJ., concur.*

DECIDED MAY 31, 1984 —
REHEARING DENIED JUNE 26, 1984 — 

*W. Bryant Huff, District Attorney, Johnny R. Moore, Alex G. Smith, Assistant District Attorneys*, for appellant.
*Donn M. Peevy*, for appellee.