69987. PETERS v. THE STATE.
(333 SE2d 436)

POPE, Judge.

After a trial by jury, appellant was convicted of driving under the influence of alcohol and improper driving on a roadway. See OCGA §§ 40-6-391 and 40-6-48. The State presented evidence to show that shortly after midnight on February 3, 1984 an officer of the Athens Police Department heard tires squealing and a loud crash while he was on patrol. When he arrived at the scene, he found a small pickup truck which had hit a telephone pole and had come to rest partially on a sidewalk. Appellant was found "crawling around in the rocks" at the rear of the truck. An ambulance was summoned for appellant as well as his passengers. Appellant had a very strong odor of an intoxicating beverage, was verbally abusive and uncooperative, and, after his arrival at the hospital emergency room, urinated on the floor. After being read the Implied Consent Warning, appellant consented to a blood test which determined his blood-alcohol content to be 0.23 percent.

1. The accusation under which appellant was tried contained two counts. Count I only is at issue in this case. In Count I, appellant was charged with driving or being in actual physical control of a moving vehicle "while under the influence of alcohol or drugs *or* while there was 0.12 percent or more by weight of alcohol in his blood in violation of OCGA § 40-6-391." (Emphasis supplied.) OCGA § 40-6-391 (a) makes it a criminal offense to drive or be in actual physical control of any moving vehicle while: "(1) Under the influence of alcohol; (2) Under the influence of any drug to a degree which renders him incapable of driving safely; (3) Under the combined influence of alcohol and any drug to a degree which renders him incapable of driving safely; *or* (4) There is 0.12 percent or more by weight of alcohol in his blood." (Emphasis supplied.) Although subsection (a) (1) does not state such, the requirement of proof that the driver be under the in-

fluence of alcohol to a degree which renders him less safe or incapable of safely driving has been judicially imported. See *Cargile v. State*, 244 Ga. 871 (1) (262 SE2d 87) (1979); *Jones v. State*, 168 Ga. App. 106 (1) (308 SE2d 209) (1983). Subsection (a) (4) was added to the statute effective September 1, 1983. See Ga. L. 1983, p. 1000, §§ 12, 18. Impaired driving ability is not an element necessary to constitute the crime established in subsection (a) (4). *Lester v. State*, 253 Ga. 235 (2) (320 SE2d 142) (1984). Therefore, proof of 0.12 percent blood-alcohol content would itself support a verdict if a driver was charged with violating OCGA § 40-6-391 (a) (4), but if the charge was violation of subsection (a) (1), the 0.12 percent content would merely be proof that the person was under the influence of alcohol and the State would additionally have to prove that the driver's ingestion of alcohol rendered him incapable of safely driving.

Before the addition of subsection (a) (4) in 1983, the code section described one crime which could be committed by three different ingestions. See *Vann v. State*, 153 Ga. App. 710 (2) (266 SE2d 349) (1980). The crime was driving (or being in actual physical control of) a motor vehicle when one's ability to safely drive was impaired by the influence of certain substances. The offending substances were alcohol and any drug, acting either alone or together. As recognized in *Vann v. State*, supra, the statute contained several disjunctive ways or methods that the crime could be committed, and proof of any one would be sufficient to constitute the crime where the accusation was phrased conjunctively. See *Leverenz v. State*, 140 Ga. App. 632 (1) (231 SE2d 513) (1976).

When subsection (a) (4) was enacted in 1983, the legislature recognized it as a different crime but placed it at the end of the existing statute. In the title to the act, it refers repeatedly to "the offense of driving under the influence of alcohol or drugs" and it states that part of the purpose of the act is "to provide that it shall be unlawful to be in actual control of any moving vehicle with 0.12 percent or more by weight of alcohol in the blood; to provide penalties for convictions of that offense; . . . to change certain references to the offense of driving under the influence of alcohol or drugs to include the offense of being in actual control of any moving vehicle with 0.12 percent or more by weight of alcohol in the blood. . . ." Ga. L. 1983, pp. 1000, 1001-1002.

Thus, although the two crimes are listed in one code section, the differing elements make them different crimes albeit all targeted at a person's condition while driving. Just because they are contained as a matter of organizational format in one code section does not make them one crime. *Berry v. State*, 124 Ga. 825, 826 (53 SE 316) (1906), involves a consideration of duplicity and the court recognized that the one section of the Penal Code in issue there "embraces two offenses." Thus, whether the section describes one or more crimes is a matter of

substance and not form. Here the crime is not driving or being in control, or even driving under the influence, but doing so only in one of four conditions — under one of three influences *or* with a certain percentage of blood-alcohol content. As the court said in *Lester v. State*, supra at 237: "Subsection (a) (4) defines a specific act, driving while having a blood-alcohol count of at least .12%, as criminal."

In this case, appellant was charged with two offenses in one count. The crime of driving under the influence of alcohol or drugs rendering the driver incapable of safely driving and the crime of driving with 0.12 percent blood-alcohol content were both charged in Count I in the alternative. The trial court charged on both, including alternative means of alcohol and drugs (and gratuitously added the third alternative), and the jury returned a verdict of simply "guilty" on this count. There was no evidence whatsoever of drug influence or combined drug/alcohol influence, so we must assume that the jury found appellant guilty of either (a) (1) or (a) (4) or both. In either event, he did not, and does not, complain, nor does he contend that the allegata and the probata do not match.

An accusation is duplicitous if it joins "separate and distinct offenses in one and the same count." Black's Law Dictionary 452 (5th ed. 1979). "Duplicity" is "[t]he technical fault in . . . pleading of uniting . . . two or more offenses in the same count of an indictment. . . ." Id. Appellant could have demurred. See *Williams v. State*, 60 Ga. 88 (2) (1878). See generally OCGA § 17-7-111; 7 EGL, Criminal Procedure, §§ 40, 42 (1976 Rev.). The accusation was couched disjunctively and not conjunctively, by the use of "or" instead of "and." See *Vann v. State*, supra. A special demurrer challenges the sufficiency of the form of the indictment or accusation. See *State v. Greene*, 171 Ga. App. 329 (320 SE2d 183) (1984). If not raised, defects of form are waived. *Hopper v. Hampton*, 244 Ga. 361 (260 SE2d 73) (1979); *Drinkard v. State*, 155 Ga. App. 638 (1) (271 SE2d 889) (1980). Appellant did not demur and does not now complain of the duplicity here. In addition, when the jury verdict was announced by appellant's counsel as guilty on Count One and guilty on Count Two," he answered "no" to the court's question regarding whether he objected to the form of the verdict.

Duplicity is what has occurred here, and that is what at bottom prompts us to enter into a discussion in Division 2 of the rebuttable presumption charge which, in our view, would only be applicable in a charge and conviction of section (a) (1) or, in other cases, (a) (2) or (a) (3). It is irrelevant when the charge and conviction is for a violation of section (a) (4), as that section does not require proof of a person's driving capability and the degree of influence of a certain substance upon it. The evidence here was unrebutted that appellant's blood-alcohol content was 0.23 percent. The evidence also was sufficient to

support a verdict which found that appellant's driving capability was criminally influenced. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Edwards v. State*, 169 Ga. App. 958 (1) (315 SE2d 675) (1984). The element really in contention, i.e., whether appellant was driving or in actual physical control of the vehicle, is common to both crimes and thus the jury's general verdict shows that this fact was found. As recognized in *Lampkin v. State*, 87 Ga. 516, 523 (13 SE 523) (1891), where the court discussed the demurrable error of form in a charge of two offenses in one count, "the jury may as easily understand the nature of each as if they were set forth in separate counts."

The punishment for both crimes here is the same, (see OCGA § 40-6-391 (c)-(g)), and only one punishment was given. It being fully sustainable as to a violation of subsection (a) (4), which did not involve the rebuttable presumption matter applying only to (a) (1), the question raised with respect to the presumption stated in OCGA § 40-6-392 (b) (3) is not dispositive of this appeal. Whether that charge was error or not is of no harm to appellant because he received only one punishment for a violation of OCGA § 40-6-391 (a). That punishment stands, for "point-twelve driving," beyond reach of a challenge to the debated jury instruction.

2. Appellant's sole enumeration of error challenges the trial court's charge to the jury on the presumptions created by OCGA § 40-6-392 (b), contending as a result an unconstitutional shifting of the burden of proof and a denial of due process. Because counsel for appellant was never asked if he had any objection to the main charge as given, failure to raise this issue in the trial court has not waived appellate review. We must entertain appellant's enumerated error. *Brady v. State*, 169 Ga. App. 316 (5) (312 SE2d 632) (1983). However, although appellant seeks to assert that he was denied due process of law under both the United States as well as the Georgia Constitutions, he cites no provision of the Georgia Constitution invoked, nor is argument advanced in this regard. The Georgia Constitution is, therefore, not involved in this appeal. Rather, the issue is examined under the federal constitution argued by appellant.

We turn first to the trial court's charge on those presumptions arising from OCGA § 40-6-392 (b) (1, 2, 3). This Court has previously determined that where, as here, presumptions are modified in the charge to the jury as, in reality, being only rebuttable presumptions or inferences, there is no denial of due process and equal protection by burden shifting. *Olsen v. State*, 168 Ga. App. 296 (1) (308 SE2d 703) (1983), citing to *McCann v. State*, 167 Ga. App. 368 (306 SE2d 681) (1983). The trial court in this case charged the quoted portion of *McCann*, supra at Division 2. In *McCann*, we held that "[v]iewing the charge of the court in its entirety, we are amply satisfied that the

charge on the 'presumption' authorized by a breatholizer reading of more than .10 [percent] alcohol in the blood created merely a 'permissive presumption' of the type considered in *County Court of Ulster County v. Allen*, 442 U. S. 140 (99 SC 2213, 60 LE2d 777) [(1979)]. Such a presumption allows, but does not require, the trier of fact to infer the elemental fact from proof by the prosecutor of a basic one." Id. at 369.

While we are aware that the United States Supreme Court denied certiorari in *McCann v. Georgia*, ___ U. S. ___ (104 SC 712, 79 LE2d 175) (1984), we feel it necessary to further examine the *McCann* charge on rebuttable presumptions given by the trial court in this case in light of the very recent opinion of the United States Supreme Court in *Francis v. Franklin*, ___ U. S. ___ (105 SC ___, 85 LE2d 344, 53 USLW 4495) (1985), wherein a Georgia trial court jury charge using "rebuttable presumption" language was invalidated as impermissible burden shifting under the principles of *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979). In *Francis v. Franklin*, supra, defendant Franklin's sole defense to a charge of murder was lack of the requisite intent to kill. Instead, he claimed that the victim's death was accidental. The jury received the following instruction from the trial court on the dispositive issue of intent: " 'A crime is a violation of a statute of this State in which there shall be a union of joint operation of act or omission to act, and intention or criminal negligence. A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking or intention or criminal negligence. The acts of a person of sound mind and discretion are presumed to be the product of the person's will, but the presumption may be rebutted. A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but the presumption may be rebutted. A person will not be presumed to act with criminal intention but the trier of facts, that is, the Jury, may find criminal intention upon a consideration of the words, conduct, demeanor, motive and all other circumstances connected with the act for which the accused is prosecuted.' " *Francis v. Franklin*, 53 USLW at 4496-97, supra. The foregoing charge to the jury was invalidated thus: "Because a reasonable juror could have understood the challenged portions of the jury instruction in this case as creating a mandatory presumption that shifted to the defendant the burden of persuasion on the crucial element of intent, and because the charge read as a whole does not explain or cure the error, we hold that the jury charge does not comport with the requirements of the Due Process Clause." Id. at 4500. The trial court in the case at bar charged in pertinent part that "if there was . . . 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person

was under the influence of alcohol," but that the presumption is rebuttable. In a prosecution for violation of OCGA § 40-6-391 (a) (1), the accused driver is charged with driving or being in actual physical control of a moving vehicle while under the influence of alcohol. Therefore, where the State proves the predicate fact of the blood-alcohol content at 0.10 percent or higher, the jury instruction quoted above effectively shifts the burden to the accused to come forward with evidence to rebut the presumption. In the absence of the production of such evidence, the charge authorizes the jury to presume that the accused whose blood-alcohol content is shown to be 0.10 percent or higher was "under the influence of alcohol." As intent was the dispositive issue in *Francis v. Franklin*, supra, so is "under the influence of alcohol" in the prosecution for violation of OCGA § 40-6-391 (a) (1).

The Supreme Court in *Francis v. Franklin*, supra, examined the charge as a whole as we have done herein. Both that charge as well as the one in this case contain proper instructions on reasonable doubt, the presumption of innocence, the State's burden of proof on each and every element of the offense charged and that there is no burden whatsoever on the accused to offer any testimony or evidence. The inclusion of these general instructions did not persuade the Supreme Court that the mandatory presumption contained in the charge on intent dissipated the constitutional infirmity of that charge. Instead, the contradiction produced by giving the irreconcilable instructions led that court to note that "[a] reasonable juror could easily have resolved the contradiction in the instruction by choosing to abide by the mandatory presumption and ignore the prohibition of presumption." *Francis v. Franklin*, 53 USLW at 4499, supra. We find the previously upheld charge in *McCann*, supra, given in this case, to be susceptible to the same criticism. Consequently, we would caution the bench and bar that, in all likelihood, such charge in the language of OCGA § 40-6-392 (b) (3) is subject to reversal based upon impermissible burden shifting, even where the jury is instructed that the presumption contained therein is rebuttable. We suggest instructing the jury in cases prosecuted under OCGA § 40-6-391 (a) (1) to the effect that where the blood-alcohol content is shown to be 0.10 percent or higher, the jury may infer that the person was under the influence of alcohol, and that whether such inference is made is a matter solely within the discretion of the jury.

While we are inclined to find the *McCann* charge and its counterpart herein to be subject to a valid challenge grounded upon impermissible burden shifting under the foregoing analysis, we need not reverse appellant's conviction on Count I on this basis. As explained in Division 1, supra, appellant was charged in Count I with violating OCGA § 40-6-391 (a) (4), to wit: driving or being in actual physical

control of a moving vehicle while there was 0.12 percent or more by weight of alcohol in his blood. Appellant further challenges the portion of the trial court's charge to the jury that if there is 0.12 percent by weight of alcohol or more in the person's blood, no presumption is raised, but it is a per se fact designated by the General Assembly as being sufficient to find that the person was under the influence of alcohol. Under the opinion in *Lester v. State*, supra, appellant's challenge to this portion of the trial court's charge fails, although the charge was erroneous as mixing the crime of "point-twelve driving" with the crime of driving under the influence of alcohol to a degree which renders appellant incapable of safely driving (or "less safe"), inasmuch as the accusation was incorrectly drawn in the disjunctive. In *Lester*, the Supreme Court addressed the question of whether OCGA § 40-6-391 (a) (4) establishes a conclusive presumption of impaired driving ability which impermissibly shifts the burden of proof from the State to the accused where the blood-alcohol content is 0.12 percent or more. According to the opinion in the second division of *Lester*, no presumption arises at all. Rather, "[s]ubsection (a) (4) defines a specific act, driving while having a blood-alcohol count of at least .12%, as criminal. The [S]tate is required to prove beyond a reasonable doubt that the [accused] committed this act. [Cit.] Impaired driving ability is not a 'fact necessary to constitute the crime' established in subsection (a) (4). [Cit.]" Id. at 237. Further, "[t]he elements of the crime established in subsection (a) (4) are irrelevant to the ability of any individual to drive without impairment while having a blood-alcohol count of .12% or higher." Id. at 238. OCGA § 40-6-391 (a) (4) "represents the [legislature's] judgment that the public interest will be best served if no one with such a high blood-alcohol count drives." Id. at 238 fn. 5. For the foregoing reasons, we find no basis for reversal.

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I do not reach the issue of the jury instructions in this case because the conviction is beyond reach of a challenge to it and thus the question is not properly before this court. Of course, cases dealing with jury instructions as to violations of subsections (1) or (3) of OCGA § 40-6-391 (a), and the presumptions in OCGA § 40-6-392 (b), must be re-examined for compliance with *Francis v. Franklin*, ___ U. S. ___ (105 SC ___, 85 LE2d 344, 53 LW 4495) (1985).

DECIDED JULY 12, 1985.

*Howard Tate Scott*, for appellant.

*Ken Stula, Solicitor*, for appellee.