76359. GROOM v. THE STATE.
(370 SE2d 643)

McMURRAY, Presiding Judge.

Defendant was convicted of the offenses of driving under the influence of alcohol (DUI) (OCGA § 40-6-391), driving without no-fault insurance (OCGA § 33-34-12), leaving the scene of an accident (OCGA § 40-6-270), and improper passing (OCGA § 40-6-42). Defendant's enumerations of error raise the sufficiency of the evidence as to the offenses of DUI, speeding and leaving the scene of an accident. *Held*:

1. While the transcript of the trial before the state court without a jury suggests that defendant was also charged with speeding, it also shows that the state court judge stated he was "not going to adjudicate any guilt in the speeding." This contention is without merit as the issue raised is moot.

2. The State's case is predicated entirely upon circumstantial evidence. The State presented the testimony of two witnesses, Ms. Cooper, who was dating defendant at the time of the incident in issue and Trooper Sumner, of the Georgia State Patrol.

The State's evidence in regard to the offense of leaving the scene of an accident shows that: On February 19, 1987, defendant was at a bar with Ms. Cooper. Defendant had driven to the bar in his automobile, a brown station wagon. At 9:30 or 10:00 p.m. Ms. Cooper left the

bar and went home. Defendant told her that he would be over to her house at 11:00 p.m. Defendant did not arrive at Ms. Cooper's house as planned. Subsequently, about 2 a.m., Ms. Cooper received a telephone call from defendant in which defendant stated that he had wrecked his car and asked her to come and pick him up. She left immediately to pick defendant up and along the way saw defendant's wrecked car on "319 South." Subsequently defendant asked Ms. Cooper to testify for him, "to say that [she] had been with him," and threatened to hurt her if she testified against him. There was further evidence as to Ms. Cooper's driving defendant to a hospital for treatment of injuries and that defendant used a false name at the hospital. Trooper Sumner testified as to investigating a motor vehicle collision on the night in question south of the Tifton city limits on 319. One of the vehicles in that collision was a brown Oldsmobile station wagon. The driver of the station wagon was absent from the accident scene when the trooper arrived, precipitating an investigation which indicated defendant was the owner of the wrecked Oldsmobile station wagon.

Defendant testified that he was not driving the brown station wagon on the evening in question, and was not driving under the influence, nor did he leave the scene of an accident on the night in question. Additionally, defendant presented evidence that he had sold the brown Oldsmobile station wagon to a migrant farm worker prior to February 19, 1987. " ' "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. . . . Questions of reasonableness are generally decided by the jury, and this court will not disturb the jury's finding that the evidence was sufficient to exclude every reasonable hypothesis save that of guilt unless the verdict is unsupportable as a matter of law. *Harris v. State*, 236 Ga. 242 (223 SE2d 643) (1976); *Butler v. State*, 150 Ga. App. 751 (258 SE2d 691) (1979)'. . . . ' "The term 'hypothesis' as used in (OCGA § 24-4-6 (Code Ann. § 38-109)) refers to such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in everyday life; the Code section does not mean that the act might by bare possibility have been done by somebody else, but that the State should show to a moral certainty that it was the defendant's act." *Hunter v. State*, 91 Ga. App. 136, 138 (85 SE2d 90) (1954); cited in *McGee v. State*, 159 Ga. App. 763 (285 SE2d 224) (1981). See also *Wrisper v. State*, 193 Ga. 157 (17 SE2d 714) (1941).' *Hopkins v. State*, 167 Ga. App. 811, 815 (307 SE2d 707)." *Atchison v. State*, 181 Ga. App. 351, 352 (1) (352 SE2d 201). See also *Johnston v. State*, 178 Ga. App. 219, 220 (342 SE2d 706).

In the case sub judice, the state court, as trier of fact, was authorized to conclude that defendant was driving the brown Oldsmobile

station wagon at the time it was involved in the collision investigated by Trooper Sumner and that following the collision defendant had failed to comply with the requirements of OCGA § 40-6-270. The evidence was sufficient to enable any rational trier of fact to find defendant guilty of leaving the scene of an accident in violation of OCGA § 40-6-270 beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Hudson v. State*, 185 Ga. App. 508, 509 (2) (364 SE2d 635).

In regard to the offense of DUI the State presented evidence (in addition to that above) that: Defendant while at the bar with Ms. Cooper drank "[a] lot." While in the presence of Ms. Cooper defendant drank more than six beers.

Defendant was charged with a violation of OCGA § 40-6-391. As there is no evidence as to alcohol content of the blood or drugs other than alcohol, defendant's conviction will be sustained if at all, under the provisions of OCGA § 40-6-391 (a) (1) which makes it a criminal offense to drive or be in actual physical control of any moving vehicle while under the influence of alcohol. "Although [OCGA § 40-6-391 (a) (1)] does not state such, the requirement of proof that the driver be under the influence of alcohol to a degree which renders him less safe or incapable of safely driving has been judicially imported. See *Cargile v. State*, 244 Ga. 871 (1) (262 SE2d 87) (1979); *Jones v. State*, 168 Ga. App. 106 (1) (308 SE2d 209) (1983)." *Peters v. State*, 175 Ga. App. 463 (1) (333 SE2d 436).

Under the particular facts and circumstances of the case sub judice a reasonable doubt remains as to whether defendant was under the influence of alcohol to a degree which renders him a less safe driver. While there is some evidence as to the quantity of alcohol consumed by defendant, it is less than definite in that it fails to show the size of each beer consumed by defendant. Perhaps more importantly, there is no evidence as to the time span over which the alcohol was consumed. Thus, there was no data from which the state court as trier of fact, could apply its own knowledge and form a reasonable estimate of the alcohol content of defendant's blood at the time of the collision. Nor does defendant's involvement in a collision after consuming alcohol alone provide sufficient proof of DUI. No witness expressed any opinion that defendant was a less safe driver due to alcohol consumption and in addition, there is no evidence as to defendant's conduct or appearance which would authorize the state court as trier of fact to form such an opinion. The conviction of DUI was not authorized by the evidence. See *Jackson v. Virginia*, 443 U. S. 307, supra. Compare *Morgan v. State*, 181 Ga. App. 150 (351 SE2d 497); *Clark v. State*, 178 Ga. App. 47, 48 (3) (341 SE2d 909).

*Judgment affirmed in part and reversed in part. Pope and Benham, JJ., concur.*

*Elsie H. Griner*, for appellant.
*David R. Hege, Solicitor*, for appellee.