## 77196. WILLIAMS v. THE STATE.
(378 SE2d 886)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offense of driving under the influence of alcohol (OCGA § 40-6-391 (a) (1)). *Held*:

1. The offense of which defendant was convicted was committed on July 2, 1986. At that time OCGA § 40-6-391 (a) (1) did not state the requirement of proof that the driver be under the influence of alcohol to the extent that it is less safe for the person to drive. However, prior to the amendment by Ga. L. 1988, p. 1893, which added this provision to the statute, such a requirement had been judicially imported. *Groom v. State*, 187 Ga. App. 398, 400 (2) (370 SE2d 643). See also *Cargile v. State*, 244 Ga. 871 (1) (262 SE2d 87); *Jones v. State*, 168 Ga. App. 106 (1) (308 SE2d 209); and *Peters v. State*, 175 Ga. App. 463 (1) (333 SE2d 436) (overruled on other grounds in *Hogan v. State*, 178 Ga. App. 534, 535 (343 SE2d 770)). Defendant contends that there was not sufficient evidence that he was a less safe driver.

The arresting officer testified that there was an odor of alcohol about the car driven by defendant, that defendant was unstable on his feet and his speech was slurred. The arresting officer stated that, based on his experience of almost 20 years as a police officer and having observed four or five hundred people driving under the influence of alcohol, defendant was under the influence of alcohol and that defendant's driving ability was impaired as a result of his being under the influence of alcohol. The evidence was sufficient to allow a rational trier of fact to find defendant guilty beyond a reasonable doubt of driving under the influence of alcohol. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Clark v. State*, 178 Ga. App. 47, 48 (3) (341 SE2d 909); *Morgan v. State*, 181 Ga. App. 150, 151 (351

SE2d 497).

2. Following the defendant's cross-examination of a State's witness, a police officer who attempted to administer an intoximeter test on defendant, defense counsel requested permission to approach the bench. After a short conference, the jurors were removed and in their absence defendant moved for a mistrial on the grounds that a juror was asleep. The prosecuting attorney conceded that when his attention had been directed to the juror by defense counsel, the juror had appeared to have been asleep. Defendant enumerates as error the denial of his motion for mistrial.

"Should a juror fall asleep during the course of a trial it is the duty of the trial judge to awaken him. Should counsel or the parties in the trial observe a sleeping juror it is their duty to bring it to the attention of the court." *Foster v. State,* 255 Ga. 425 (2) (339 SE2d 256). In the case sub judice, there is nothing in the record which would suggest that either the trial court or counsel neglected their duty. There is no indication that the juror's nap was anything other than momentary. Therefore, we find no abuse of discretion in the trial court's determination that the awakening of the juror was sufficient corrective action. We find no error in the denial of defendant's motion for mistrial. Accord *Foster v. State,* 255 Ga. 425, 426, supra.

3. The automobile driven by defendant was stopped by a police officer based on a radio lookout, broadcast by the Georgia State Patrol, for a driver under the influence in a 1986 Chevrolet Corvette bearing Georgia license JRJOY. A few minutes after receiving the lookout the officer spotted defendant's vehicle and pulled it over. The police officer did not observe any violation prior to stopping defendant. Defendant contends the trial court erred in denying his motion for directed verdict of acquittal based on the absence of any showing that the arresting officer had probable cause or any other proper basis for stopping defendant.

A motion for directed verdict of acquittal is a challenge to the sufficiency of the evidence. The applicable test of the sufficiency of evidence is set forth in *Jackson v. Virginia,* 443 U. S. 307, supra. See *Humphrey v. State,* 252 Ga. 525, 526 (1) 527 (314 SE2d 436). Where a defendant has been indicted and convicted, an illegal arrest (or in the instance of a *Terry* stop (*Terry v. Ohio,* 392 U. S. 1 (88 SC 1868, 20 LE2d 889)) is not in and of itself a ground of reversal. *Thompson v. State,* 155 Ga. App. 101, 103 (3) (270 SE2d 313). In the case sub judice, there has been no attempt to exclude any evidence as the fruit of an illegal arrest or seizure. Since the evidence was sufficient under the test provided by *Jackson v. Virginia,* 443 U. S. 307, supra (see Division 1 of this decision) this contention is without merit.

4. Defendant also contends that his motion for directed verdict of acquittal should have been granted due to the failure of the State to

comply with that portion of OCGA § 17-4-23 (a) which requires that: "Whenever an arresting officer makes an arrest concerning the operation of a motor vehicle based on information received from another law enforcement officer who observed the offense being committed, the citation shall list the name of each officer and each must be present when the charges against the accused person are heard." However, the defendant was not arrested based on the radio lookout, the "Terry-type" seizure was not an arrest; therefore, this statutory provision is inapplicable. The arrest of defendant was based entirely on evidence directly acquired by the .arresting police officer during the "Terry-type" stop. This enumeration of error is without merit.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED FEBRUARY 7, 1989 —
REHEARING DENIED FEBRUARY 20, 1989 — ▮▮▮▮▮▮▮

*Virgil L. Brown & Associates, Virgil L. Brown*, for appellant.
*Robert B. Whatley, Solicitor*, for appellee.