## 59902. MULLING v. THE STATE.

Sмiтн, Judge.

Appellant was convicted and sentenced at a bench trial in the Superior Court of Clarke County on charges of DUI and possession of marijuana. He appeals from the trial court's orders overruling his motion to suppress evidence and overruling his motion for new trial. This appeal raises issues relating to the sufficiency of the evidence on the DUI conviction and the constitutionality of the police inventory search of appellant's vehicle. We reverse.

1. The evidence in support of the DUI conviction consisted of the following: The arresting officer trailed appellant for approximately one-half mile. Although appellant was observed weaving *within* his lane, he never crossed the center line. By the officer's own account, a stop was not authorized at this point. However, as appellant made a right turn onto another road, the wheels on the right-hand side of the vehicle momentarily left the pavement. Appellant was then stopped by the police. He admitted he had had a few beers, and the smell of alcohol could be detected on his breath. Appellant was given a blood alcohol test, which indicated a 0.07 per cent. by weight alcohol in his blood. See Code § 68A-902.1 (b) (2), providing that "[i]f there was at [the time of chemical analysis] in excess of 0.05 per cent. but less than 0.10 per cent. by weight alcohol in the person's blood, such fact shall not give rise to any presumption that the person was or was not under the influence of alcohol, but such fact may be considered with other competent evidence in determining whether the person was under the influence of alcohol."

The arresting officer apparently thought appellant had sufficient control of his faculties to subject him to interrogation. There is no indication of alcohol impairment in his responses. Nor is there any evidence of unsteady gait or thick or slurred speech.

The evidence in support of a conviction must be such that a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71) (1980). In our view, the evidence in support of appellant's DUI conviction fails to satisfy this standard. Accordingly, the DUI conviction is reversed.

2. After the arrest, appellant was allowed to select a towing service for his vehicle. However, before the tow truck arrived, the arresting police officer made an "inventory" search of appellant's vehicle and found concealed therein a quantity of marijuana. This court has adopted the view that " '[w]hen the driver of a motor vehicle is arrested and a reliable friend is present, authorized and capable to remove an owner's vehicle which is capable of being safely removed;

or where the arrestee expresses a preference as to towing service and designates an appropriate carrier and destination for the vehicle, it is unnecessary for the police to impound it. In either of these instances the rationale for an inventory search does not exist.' " *State v. Ludvicek,* 147 Ga. App. 784, 786 (250 SE2d 503) (1978). There was no justification for the police intrusion in this instance. We conclude that the "inventory" search was unreasonable under the Fourth Amendment.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

ARGUED MAY 8, 1980 — DECIDED NOVEMBER 12, 1980 —

*George W. Darden,* for appellant.
*Harry N. Gordon,* District Attorney, for appellee.