76371. COLLUM v. THE STATE.
(368 SE2d 578)

Banke, Presiding Judge.

At the conclusion of a non-jury trial, the appellant was found guilty of the charge that he had committed vehicular homicide by causing the death of another person, without malice aforethought, by operating a motor vehicle while under the influence of alcohol. See generally OCGA § 40-6-393 (a). On appeal, his sole contention is that the evidence was insufficient to support the conviction.

The evidence showed that while driving on U. S. Highway 411, the appellant was involved in a collision with a truck which was attempting to pass him. A passenger in the appellant's vehicle was fatally injured as a result of the collision. The driver of the truck testified that he had been following the appellant for approximately five miles and that the appellant had impeded traffic during that time by travelling at an erratic rate of speed and weaving within his lane of traffic. The investigating police officer testified that he had smelled a strong odor of alcohol on the appellant's person, and analysis of a blood sample obtained from the appellant at the hospital following the accident revealed that his blood-alcohol content was .08 percent at the time the sample was taken. The appellant admitted having consumed a six-pack of beer approximately two and one-half hours prior to the accident. Based on the foregoing evidence, a forensic chemist testified that the appellant's blood-alcohol level at the time of the accident would have been between .105 and .13 percent. There were no witnesses to the incident other than the appellant and the truck driver. *Held*:

The appellant argues that there was no credible evidence to indicate that he was under the influence of alcohol at the time of the accident to such a degree as to render him a less safe driver, with the result that there was no evidentiary support for a conclusion that he was in violation of the driving-under-the-influence statute, OCGA § 40-6-391 (1). See generally *Peters v. State*, 175 Ga. App. 463, 464 (333 SE2d 436) (1985). This contention is without merit. The expert testimony to the effect that the appellant's blood-alcohol content at the time of the accident was between .105 and .13 percent was sufficient,

pursuant to OCGA § 40-6-392 (b) (3), to authorize the conclusion that he was "under the influence of alcohol" within the contemplation of OCGA § 40-6-391 (a) (1). Based on this evidence, combined with the evidence of his erratic driving, we hold that a rational trier of fact could reasonably have found the appellant guilty of vehicular homicide beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED APRIL 12, 1988.

*Jefferson L. Davis, Jr.*, for appellant.

*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.