76890. CAMPBELL v. THE STATE.
(375 SE2d 654)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offense of driving under the influence of alcohol. *Held*:

Defendant was driving a vehicle which was stopped by a state trooper due to a loud muffler. The officer did not see anything about defendant's driving that indicated he was driving under the influence of alcohol. Upon stopping defendant the officer discovered that defendant's breath smelled of alcohol, his eyes were very bloodshot and he was unsteady on his feet, that is, he "wobbled back and forth" while he was talking to the officer. Subsequently, an intoximeter test was administered and defendant registered .10 grams percent alcohol.

The offense of driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) (1) includes as one of its elements that defendant's consumption of alcohol had rendered him a less safe driver. *Taylor v. State*, 184 Ga. App. 368 (361 SE2d 667). Defendant contends that his conviction was not authorized by the evidence since there was no evidence that he was so under the influence of alcohol

that it rendered him a less safe driver.

The evidence of the alcohol content of defendant's blood was sufficient "to authorize the conclusion that he was 'under the influence of alcohol' within the contemplation of OCGA § 40-6-391 (a) (1)." *Collum v. State,* 186 Ga. App. 822 (368 SE2d 578). This evidence combined with the evidence of defendant's bloodshot eyes and unsteadiness on his feet was sufficient for a rational trier of fact to reasonably find defendant guilty of driving under the influence of alcohol beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Collum v. State,* 186 Ga. App. 822, supra.

*Judgment affirmed. Birdsong, C. J., Banke, P. J., and Carley, J., concur. Deen, P. J., concurs and also concurs specially. Beasley, J., concurs specially. Sognier, Pope and Benham, JJ., dissent.*

BEASLEY, Judge, concurring specially.

The law provides a rebuttable factual presumption which makes the evidence sufficient in this case. OCGA § 40-6-392 (b) (3) states: "If there was at that time an alcohol concentration of 0.10 grams or more, it shall be presumed that the person was under the influence of alcohol, as prohibited by paragraphs (1), (2), and (3) of subsection (a) of Code Section 40-6-391." Due to the results of the intoximeter test introduced in evidence, the presumption applied. It was not rebutted as a matter of law so as to remove it from the body of evidence. *Hogan v. State,* 178 Ga. App. 534, 536 (343 SE2d 770) (1986) concluded that: "The commission of the crime of DUI by violating OCGA § 40-6-391 (a) (1), . . . or (a) (3) may include as an element of proof thereof, those presumptions or inferences which are established by OCGA § 40-6-392 (b) (1), (b) (2), or (b) (3)." (Emphasis omitted).

That itself would be sufficient to prove that the driver was a less safe one than if he had not been under the influence of alcohol.[1]

There is even more evidence, however. The officer testified that defendant stated he had one beer, he smelled of alcohol, he had bloodshot eyes, and he was unsteady on his feet. As to the latter, the officer explained that defendant "wobbled back and forth" and demonstrated to the factfinder how defendant was "moving back and forth." The physical condition described supported a reasonable inference that defendant was not as alert mentally and did not have as much motor command for controlling the movement of the vehicle and reacting to hazard than he would have had without the alcohol

---

[1] At the time of the incident here, the statute by case law included the criterion "to a degree which renders him incapable of safely driving." *Cargile v. State,* 244 Ga. 871, 873 (1) (262 SE2d 87) (1979). In that case the Supreme Court equated that wording with the "less safe" language. See *Howell v. State,* 179 Ga. App. 633 (1) (347 SE2d 358) (1986). As of July 1, 1988, the statute has been amended to use expressly the "less safe to drive" language. Ga. L. 1988, p. 1893, § 2.

consumption.

To hold that there must be evidence that the alcohol-influenced driver did in fact drive erratically or in violation of some traffic rule would import an element not present in OCGA § 40-6-391 (a) (1).

I am authorized to state that Presiding Judge Deen joins in this special concurrence.

POPE, Judge, dissenting.

I cannot agree with the finding of the majority that the evidence in this case was sufficient to show that the appellant's consumption of alcohol had rendered him a less safe driver, so as to authorize a conviction of D.U.I. in violation of OCGA § 40-6-391 (a) (1). Under cross-examination the arresting officer responded that the only thing that brought appellant's driving to his attention was that his vehicle's muffler was loud; that appellant was not "stumbling or falling down, or anything of that nature"; that appellant was cooperative and seemed to understand everything that was going on around him; and that other than the smell of alcohol, his bloodshot eyes and unsteadiness on his feet, there was nothing else about appellant that exhibited he might be under the influence of alcohol. More importantly, when asked whether or not from his experience as an officer these symptoms would affect someone's driving, he answered that he did not know. Thus, there was no evidence, circumstantial or otherwise, that appellant was not driving safely. Compare *Collum v. State*, 186 Ga. App. 822 (368 SE2d 578) (1988), cited by the majority, in which this court held that the evidence of defendant's blood alcohol content *combined with* direct testimony that defendant was driving at an erratic speed and weaving, authorized the conviction.

" 'Although [OCGA § 40-6-391 (a) (1)] does not state such, the requirement of proof that the driver be under the influence of alcohol to a degree which renders him less safe or incapable of safely driving has been judicially imported. [Cits.]' *Peters v. State*, 175 Ga. App. 463 (1) (333 SE2d 436) [(1985)]."[1] *Groom v. State*, 187 Ga. App. 398, 400 (2) (370 SE2d 643) (1988). Because, I disagree with the special concurrence to the extent it holds that the rebuttable presumption contained in OCGA § 40-6-392 (b) (3) is sufficient, without more, to show that the driver was a less safe driver, and because a reasonable doubt remains under the facts and circumstances of this case as to whether appellant was under the influence of alcohol to a degree which rendered him a less safe driver, I must respectfully dissent. Accord *Mulling v. State*, 156 Ga. App. 404 (1) (274 SE2d 770) (1980).

---

[1] As noted by the special concurrence, the July 1, 1988 amendment to OCGA § 40-6-391 (a) (1) codified the less safe to drive requirement which had previously been judicially imported.

I am authorized to state that Judge Sognier and Judge Benham join in this dissent.

DECIDED NOVEMBER 16, 1988.

*L. Howard Freeman, Jr.*, for appellant.
*Richard W. Shelton, Solicitor*, for appellee.