## A91A1100. HURD v. THE STATE.
(411 SE2d 111)

Andrews, Judge.

Hurd, convicted of driving under the influence under OCGA § 40-6-391 (a), appeals the denial of his motion for new trial claiming insufficient evidence.

Viewed in favor of the verdict, the evidence was that Hurd was stopped around 8:30 p.m. at a roadblock where troopers were checking licenses. He was driving a small convertible with the top down. The officer noticed, while checking the license, the odor of alcohol. The officer asked if he had drunk any alcohol and Hurd denied it. Hurd was directed to the roadside for further inquiry. While talking to Hurd, the officer noticed a strong odor of alcohol and that his eyes were red. Hurd, according to the officer, acted like he was under the influence. An alcosensor test registered positive. His Intoximeter test registered .10 approximately 30 minutes after the stop.

Hurd testified at trial and admitted purchasing a six-pack of 16-ounce beers that evening. He drove to a lake where he drank a "couple of beers." He was proceeding to the American Legion when he came to the roadblock.

Hurd contends the evidence is insufficient because no one saw him violate any traffic laws; he did not stagger or have slurred speech; his stepfather came to the jail around 10:00 p.m. and noticed nothing unusual about his speech or demeanor; and it was Hurd's own opinion that he was not under the influence to the extent it was less safe for him to drive.

OCGA § 40-6-392 (b) (3)[1] states that "[i]f there was at that time an alcohol concentration of 0.10 grams or more, it shall be presumed that the person was under the influence of alcohol, as prohibited by [OCGA § 40-6-391 (a) (1)]."

While Hurd introduced evidence which he contends rebutted the presumption, that decision was for the jury which heard and determined the credibility of the witnesses and the weight to be given the evidence. OCGA § 24-9-80; *Alonso v. State*, 190 Ga. App. 26, 30 (6) (378 SE2d 354) (1989). It cannot be said as a matter of law that the presumption was rebutted. See *Campbell v. State*, 189 Ga. App. 303, 304 (375 SE2d 654) (1988) (Beasley, J., special concurrence).

The evidence was legally sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Bell v. State*, 197 Ga. App. 175 (398 SE2d 29) (1990).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

---

[1] The incident and trial both occurred in 1990, prior to the 1991 amendment of this statute.

DECIDED SEPTEMBER 30, 1991.

*Bates, Kelehear & Starr, Harlan M. Starr*, for appellant.
*Jack O. Partain III, District Attorney, Michael R. McCarthy, Assistant District Attorney*, for appellee.