## A92A1850. SCOTT v. THE STATE.

(428 SE2d 359)

POPE, Chief Judge.

Defendant W. Stephen Scott appeals his conviction for driving under the influence of alcohol. In the early morning hours of December 23, 1990, defendant and a companion were traveling to a party. A roadblock was set up along their route to the party. The officer who detained defendant at the roadblock testified that a strong odor of alcohol emanated from the vehicle and the defendant's eyes appeared red and glassy. Defendant and his companion admitted they both had an open mixed drink in the car at the time they were stopped at the roadblock, but both stated that was the first alcoholic drink either had ingested during the evening. Defendant told the officer he had been drinking and blew into the officer's hat and took a breath test on a portable Alcosensor. Defendant was then placed under arrest for driving under the influence and transported to the sheriff's office where another breath test was administered on an Intoximeter 3000 machine. The test results showed defendant's blood alcohol content was .12 grams.

Defendant was originally charged by accusation by the district attorney of Putnam County. That accusation charged defendant with violating OCGA § 40-6-391 in the manner proscribed by subsection (a) (4). Defendant's case, however, was transferred to the State Court of Putnam County and the solicitor of Putnam County issued the accusation under which defendant was tried. That accusation charged defendant with unlawfully "[o]perating a motor vehicle on Georgia highway while under the influence of alcohol."

A bench trial was conducted in this case during which sufficient evidence was presented for the trial court to find defendant guilty of violating OCGA § 40-6-391 in the manner proscribed by subsection (a) (4). During defendant's closing argument he proposed for the first time that the accusation was insufficient to charge him with a violation of OCGA § 40-6-391 in the manner proscribed by subsection (a) (4), the accusation only charged him with a violation of OCGA § 40-6-

391 in the manner proscribed by subsection (a) (1), and because there was no evidence he was a less safe driver he was entitled to acquittal. The trial court agreed the evidence was insufficient to find defendant guilty of violating OCGA § 40-6-391 in the manner proscribed by subsection (a) (1), but held the accusation was sufficient to charge defendant with a violation of OCGA § 40-6-391 in the manner proscribed by subsection (a) (4) and found him guilty of violating the statute in that manner. Defendant appeals and urges us to find that the language of the accusation was sufficient to charge him only with a violation of OCGA § 40-6-391 in the manner proscribed by subsection (a) (1).

We hold the language of the accusation was sufficient to charge defendant with driving under the influence of alcohol as proscribed by both OCGA § 40-6-391 (a) (1) and (a) (4). "OCGA § 40-6-391 establishes one crime, driving under the influence, and subsections (a) (1) and (a) (4) merely set out two different methods of proving that same crime." *Kuptz v. State*, 179 Ga. App. 150, 151 (4) (345 SE2d 670) (1986); see also *Lester v. State*, 253 Ga. 235, 238 (320 SE2d 142) (1984); *Hogan v. State*, 178 Ga. App. 534, 535 (343 SE2d 770) (1986). " 'The true test of the sufficiency of an indictment [or accusation] is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offen(s)e, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction. As long as the defendant is informed of the charges against him so that he may present his defense at trial and not be surprised by the evidence against him, as well as protect against another prosecution for the same offense, the indictment [or accusation] is sufficient. Thus, if a defendant is not misled to his prejudice by any imperfection in an indictment an appellate court will not reverse.' . . . [Cit.]" *Broski v. State*, 196 Ga. App. 116, 117 (395 SE2d 317) (1990). The accusation was sufficient to give defendant notice that the State would seek to prove the crime of driving under the influence of alcohol in either the manner set forth in OCGA § 40-6-391 (a) (1) or (a) (4).

At the time the accusation was returned against defendant, OCGA § 40-6-391 (a) (4) allowed the State to prove the crime established by the DUI statute by proving the defendant drove or was in physical control of a vehicle while the defendant's "alcohol concentration is 0.12 grams or more at any time within three hours after such driving or being in actual physical control from alcohol consumed before such driving or being in actual physical control ended." Impaired driving ability is not an element of proof under that subsection

of the statute, only the act of driving with a blood/alcohol ratio of .12 percent. *Lattarulo v. State*, 261 Ga. 124 (401 SE2d 516) (1991), cert. denied, ____ U. S. ____ (112 SC 86, 116 LE2d 59) (1991); *Lester v. State*, 253 Ga. 235, 237-238 (320 SE2d 142) (1984). On the other hand, to prove a violation of OCGA § 40-6-391 in the manner proscribed by subsection (a) (1), the State must prove defendant was a less safe driver because of the influence of alcohol.

The parties do not cite and we are not familiar with any case in which we have had occasion to decide whether the failure to specify which method of proof the State intends to use to show the defendant violated OCGA § 40-6-391 (a) is a fatal defect in the accusation. Cf. *Broski*, 196 Ga. App. at 116 (1) (holding an accusation charging defendant with driving under the influence of alcohol by being in actual physical control of a moving vehicle while under the influence of alcohol in violation of OCGA § 40-6-391 (a) (1) was not defective because it did not contain the language "to the extent that it is less safe for the person to drive"); *Kuptz*, 179 Ga. App. at 150 (4) (holding an accusation couched in the disjunctive, that is, charging defendant with "driving a motor vehicle while under the influence of alcohol or drugs or driving while there was .12 percent or more by weight of alcohol in his blood, in violation of OCGA § 40-6-391 (a) (1) or (a) (4)" was not defective).[1] However, we have had occasion to consider similar arguments in cases involving other crimes that could be committed in more than one way. *Barton v. State*, 79 Ga. App. 380 (53 SE2d 707) (1949); *Jones v. State*, 75 Ga. App. 610 (44 SE2d 174) (1947). It is well-settled that when an indictment or accusation charges a crime which is capable of being committed in more than one way, but fails to charge the manner in which the crime was committed, the indictment or accusation is subject to special demurrer because a defendant is entitled to know how the State will prove the crime charged. *Barton*, 79 Ga. App. at 386-387; *Jones*, 75 Ga. App. at 615. Such objections to accusations must be made before arraignment, however, and are deemed waived if not made at the proper time. *Watson v. State*, 190 Ga. App. 671, 673 (3) (379 SE2d 811) (1989). Because defendant did not challenge the accusation until closing argument, he has waived his right to object to the accusation. The evidence was sufficient for the trial court to find defendant guilty of driving under the influence in the manner proscribed by OCGA § 40-

---

[1] We note that because there are only two ways to prove a defendant was driving under the influence of alcohol contrary to the laws of the State of Georgia, the methods proscribed by OCGA § 40-6-391 (a) (1) and (a) (4), the defendant was put on notice by the accusation that the State would attempt to prove he committed the crime of driving under the influence of alcohol in either of those two ways; this is essentially the same notice the defendant received and this court approved in *Kuptz*.

6-391 (a) (4) beyond a reasonable doubt; therefore, defendant's conviction must be affirmed.

We take this opportunity to caution all persons charged with drawing accusations and indictments to state specifically how the State intends to prove the defendant violated OCGA § 40-6-391 in the indictment or affidavit. The defendant's confusion in this case is understandable. Although the issue of what subsection of OCGA § 40-6-391 (a) the State was proceeding under was not an issue in these cases, in other cases in which similar language was used in the accusation or indictment, the State was proceeding under OCGA § 40-6-391 (a) (1) rather than (a) (4). See *Hurd v. State*, 201 Ga. App. 373 (411 SE2d 111) (1991); *Hall v. State*, 200 Ga. App. 585, 587 (3) (409 SE2d 221) (1991); *Clay v. State*, 193 Ga. App. 377 (387 SE2d 644) (1989); *Campbell v. State*, 189 Ga. App. 303 (375 SE2d 654) (1988); and *Hadden v. State*, 180 Ga. App. 496 (349 SE2d 770) (1986).

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED JANUARY 25, 1993 —
RECONSIDERATION DENIED FEBRUARY 26, 1993 —

*Thomas J. Phillips, Jr., Shane M. Geeter*, for appellant.
*Huskins & Huskins, Donald W. Huskins*, for appellee.