A93A1214. RYLEE v. THE STATE.
(436 SE2d 52)

POPE, Chief Judge.

Defendant was convicted by a jury of driving while under the influence of alcohol to the extent that it was less safe for him to drive. (OCGA § 40-6-391 (a) (1).) He appeals following the denial of his motion for new trial.

Trooper Melvin Dukes of the Georgia State Patrol testified that in May 1991 he stopped defendant's pickup truck because of a cracked windshield and an obscured license tag. When Dukes approached the defendant's window to ask for his license and proof of insurance, he detected the odor of alcohol. Defendant appeared nervous, his face was flushed and his eyes were bloodshot. When Dukes

asked defendant if he had been drinking, defendant admitted that he had just finished a can of beer. Dukes then administered three field sobriety tests — a one-legged stand test, a horizontal-gaze nystagmus test and an alcosensor test — and determined that defendant was unsteady on his feet, that his eye movement was jerky and that alcohol was present in his breath. Based on his training and experience, Dukes concluded that defendant had consumed alcohol to the point that he was a less safe driver than he would have been had he not consumed the alcohol. Thirty-six minutes after defendant's arrest, an intoximeter test showed a blood-alcohol level of .10 grams. Six minutes later, a second test requested by defendant showed a level of .09. In his defense, defendant testified that his eyes may have been bloodshot and his face may have been flushed because he had been exposed to paint fumes in a body shop for several hours earlier that day and that he was unsteady on his feet due to arthritis. He acknowledged that he had two beers in the hour or so before his arrest, including the one he finished just before Trooper Dukes stopped him, but he insisted that the beers did not make him a less safe driver.

In his sole enumeration of error, defendant argues that the evidence was insufficient to support his conviction. However, this court has rejected challenges to the sufficiency of the evidence in similar cases in which the initial stop of the defendant was not for unsafe driving. See *Hurd v. State*, 201 Ga. App. 373 (411 SE2d 111) (1991) (evidence sufficient where officer detected odor of alcohol, defendant's eyes were red, alcosensor test showed presence of alcohol in breath, intoximeter test 30 minutes after stop registered .10 and officer opined that defendant acted like he was under the influence); *Campbell v. State*, 189 Ga. App. 303 (375 SE2d 654) (1988) (evidence sufficient where officer detected odor of alcohol, defendant's eyes were bloodshot, defendant was unsteady on his feet and intoximeter test registered .10 grams); see also *Moss v. State*, 194 Ga. App. 181 (390 SE2d 268) (1990) (to show defendant was under the influence of alcohol to extent he was a less safe driver, it is not necessary to show he actually committed an unsafe act). Indeed, the evidence in this case is stronger than that in *Campbell*, for unlike Trooper Dukes in this case, the arresting officer in *Campbell* said he did not know whether the defendant was a less safe driver as a result of his drinking. See *Campbell*, 189 Ga. App. at 305 (Pope, J., dissenting). Here, Dukes detected the odor of alcohol; the defendant's eyes were bloodshot; the defendant was flushed and nervous; the defendant failed three field sobriety tests; the defendant admitted he had two cans of beer in the hour or so before he was stopped; his first intoximeter test registered .10 grams; and the officer, based on his training and experience, made a fact-based determination that defendant was a less safe driver due to his drinking. Although the second intoximeter test may show the

fallibility of the first, it does not negate it or render it inadmissible. Cf. *Ussery v. State*, 195 Ga. App. 394 (1, 2) (393 SE2d 522) (1990) (where there are two intoximeter tests, both are admissible and jury may base its verdict on either or both). Accordingly, we must conclude that, viewed in the light most favorable to the verdict, the evidence was sufficient to allow a rational jury to find defendant guilty of driving under the influence to the extent he was a less safe driver beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 17, 1993.

*Donna L. Avans*, for appellant.
*Donald E. Moore, Solicitor*, for appellee.