## A94A1666. CRAWFORD v. CITY OF FOREST PARK.
(450 SE2d 237)

POPE, Chief Judge.

Defendant appeals a superior court order affirming his DUI conviction in municipal court. See OCGA § 40-13-28.

Evidence at trial showed that Officer Randall stopped defendant's vehicle in the early morning hours of June 13, 1993, because defendant did not have a 1993 decal on his license tag. Defendant showed Randall he had the decal in the car, but Randall noticed that defendant had a strong odor of alcohol on his breath and his person, that his eyes were glassy and bloodshot, that his speech was slightly slurred, and that there were several open cans of beer in his car. Randall therefore asked defendant to get out of the car and recite the alphabet. Although defendant said he knew the alphabet, he left out a number of letters in his recitation. Randall also asked defendant to

touch each of his fingers to his thumb while counting one-two-three-four-four-three-two-one. Defendant said he understood and could do that, but he could not. Randall then administered an alco-sensor test, which showed the presence of alcohol. Based on all these things, Randall concluded defendant was a less safe driver and arrested him. Defendant was taken back to the station where an intoximeter test was taken, and the result of that test was .09.

1. Viewed in a light most favorable to support the verdict, this evidence was sufficient to enable a reasonable factfinder to find defendant guilty beyond a reasonable doubt of driving while under the influence of alcohol to the extent that it was less safe for him to drive. OCGA § 40-6-391 (a) (1); see also OCGA § 40-6-392 (b) (3) (intoximeter test result in excess of .08 gives rise to presumption that person was under influence of alcohol).

2. Defendant argues that his accusation (the Uniform Traffic Citation issued at the time of his arrest) should have been quashed as too vague to provide notice of what he was accused. The citation informed defendant that he was accused of operating a specific vehicle at a specific time on a specific date while under the influence of alcohol in violation of OCGA § 40-6-391, and that a breath test given him showed a result of .09. As this was sufficient to inform defendant of the charges against him so he could present a defense at trial, the trial court's refusal to quash the accusation was proper. See *Broski v. State*, 196 Ga. App. 116 (1) (395 SE2d 317) (1990).

Citing *Scott v. State*, 207 Ga. App. 533 (428 SE2d 359) (1993), defendant contends the accusation was insufficient because it failed to specify under which subsection of OCGA § 40-6-391 (a) the State was charging him. In *Scott*, the alleged facts would have allowed the State to proceed against the defendant under either § 40-6-391 (a) (1) (less safe driver) or § 40-6-391 (a) (4) (test result of .10 or more), and we said the State should have indicated in the accusation which subsection it was proceeding under to avoid confusion. In this case, on the other hand, the facts alleged could only support a prosecution under subsection (a) (1), so the failure to specify that subsection could not have confused defendant.

3. Defendant also enumerates as error the trial court's denial of his motion to suppress the results of his intoximeter test. Specifically, defendant argues the results should have been suppressed because he was not afforded an opportunity for an independent test of his own choosing. See OCGA § 40-6-392 (a) (3).

After being informed of his right to an independent test, defendant said he wanted a blood test, and Officer Randall took him to a hospital for that purpose. According to defendant's testimony, however, when he got to the hospital a nurse told him his blood alcohol level would register higher on a blood test. Officer Randall did not say

anything, but when defendant turned around and looked at him he "kind of gave me a nod as in yes." Defendant then concluded he was wasting his time and money, and decided he did not want an independent blood test after all. Contrary to defendant's assertion, Officer Randall did not misinform defendant in any respect or prevent him from pursuing his options under the statute. Compare *O'Dell v. State*, 200 Ga. App. 655 (409 SE2d 54) (1991) (officer failed to make reasonable accommodation where he actually misinformed defendant about admissibility of independent test and refused to allow defendant to call around to find a hospital which could do an admissible test). While the officer must not prevent a defendant from exercising his right to an independent test, it is not his duty to ensure the performance of such a test. See *State v. Buffington*, 189 Ga. App. 800 (377 SE2d 548) (1989). In this case, Officer Randall made reasonable efforts to accommodate defendant's request for an independent test, but defendant changed his mind about having it. Accordingly, the test results were admissible, and the trial court did not err in denying defendant's motion to suppress.

4. Lastly, defendant argues the trial court should not have admitted evidence of the "finger to thumb" test because there was no proof that such a test is generally accepted in the scientific community as an accurate and reliable means of ascertaining whether a person is intoxicated. "Absent such preliminary proof, the results of a scientific procedure or technique should not be admitted into evidence. [Cit.]" *Foster v. State*, 204 Ga. App. 632 (420 SE2d 78) (1992). However, we agree with the superior court that the challenged testimony about defendant's inability to touch his fingers to his thumb while counting was not testimony regarding the results of a scientific procedure but was simply a behavioral observation on the officer's part. Thus, this enumeration of error is also without merit.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED OCTOBER 18, 1994 —
RECONSIDERATION DENIED NOVEMBER 16, 1994 —

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III, James D. Rogers,* for appellant.
*Carl A. Adcock,* for appellee.