A95A0583. HANKINS v. CITY OF ALPHARETTA.
(458 SE2d 858)

ANDREWS, Judge.
 The issue here is when the Uniform Traffic Citation (UTC) charged a violation of "OCGA § 40-6-391" without specifying whether subsection (a) (1) or (a) (4) was meant and the evidence would have supported either subsection, was the superior court's affirmance of the city court's denial of a motion to quash for ambiguity reversible error? We find, on the record before us, that it was not.
 No transcript of the proceedings below was produced and, therefore, we are limited to consideration of the record. The UTC charged that, on a specific date and time and in a specific location, Hankins was charged with "DUI (Test Administered: . . . BREATH . . . DUI Test Results .28 grams . . . in Violation of Code Section 40-6-391 of State Law. . . ."
 Although the city court concluded the accusation was sufficient, despite the admonition of *Scott v. State*, 207 Ga. App. 533, 536 (428 SE2d 359) (1993), the superior court, while conceding that the UTC "failed to meet appropriate standards, and the court below erred in failing to quash," concluded that the error was "harmless."
 The superior court additionally concluded, however, that the citation "gave Appellant sufficient notice that he was on trial for driving under the influence of alcohol. The reference on the citation to a breath test and the results of the test (.28 gms) are only applicable to driving under the influence of alcohol. OCGA § 40-6-392." The court relied on *Kuptz v. State*, 179 Ga. App. 150 (345 SE2d 670) (1986), which had not been disapproved of in *Scott*.
 Further, the court found no probability that the State meant to charge Hankins under OCGA § 40-6-391 (l), involving endangering a child while driving under the influence, because to do so the State would have had to specify "sufficient factual allegations, or specific reference to subsection l, to put [Hankins] on notice. . . ." This argument is not pursued here and is not further addressed.

Because Hankins has failed to show harm by the record, as was his obligation, *Gale v. Obstetrics &c. of Atlanta, P. C.*, 213 Ga. App. 614, 615 (2) (445 SE2d 366) (1994), we need not resolve whatever conundrum is created by *Scott*, if any. See also *Crawford v. City of Forest Park*, 215 Ga. App. 234, 235 (2) (450 SE2d 237) (1994).

Because this case is factually on all fours with *Morgan v. State*, 212 Ga. App. 394 (442 SE2d 257) (1994), it is controlled by it. Charging OCGA § 40-6-391, without specifying whether subsection (a) (1) or (a) (4) will be the method of proof used, is not harmful error. Id.; *Kuptz v. State*, supra at 150 (4).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JUNE 7, 1995 —
RECONSIDERATION DENIED JUNE 21, 1995 — 

*Joseph J. Felker, Jr.*, for appellant.
*Robert A. Harris, Solicitor*, for appellee.