## S98A0169. MITCHELL v. THE STATE.
(497 SE2d 566)

BENHAM, Chief Justice.

Steven Gary Mitchell was convicted of violating OCGA § 40-6-391 (a) (5), which makes it a crime to have a blood-alcohol concentration of .10 grams within three hours after driving. On appeal, he contends that OCGA § 40-6-391 (a) (5) is unconstitutional because it

---

denies due process of law, that evidence of his blood-alcohol concentration was improperly admitted into evidence because the State did not follow the procedural mandates of the Administrative Procedure Act in the course of approving techniques and methods for chemical tests of blood, and that the evidence did not authorize his conviction.

1. Mitchell's contention that OCGA § 40-6-391 (a) (5) is unconstitutional is controlled adversely to him by this Court's recent decision in *Bohannon v. State*, 269 Ga. 130 (2, 3) (497 SE2d 552) (1998).

2. Mitchell's argument that the results of his blood test were inadmissible because the State had not followed the mandate of the Administrative Procedure Act in establishing standards for chemical analysis of blood is controlled adversely to him by this Court's recent decision in *Price v. State*, 269 Ga. 222 (4) (498 SE2d 262) (1998).

3. One of Mitchell's arguments regarding the sufficiency of the evidence was premised on the correctness of his argument that evidence based on the chemical analysis of his blood was inadmissible because the State had not undertaken the proper method of establishing rules controlling chemical analysis of blood. Since we ruled against that argument in Division 2, supra, the pendent argument that the evidence was insufficient also fails.

Finally, Mitchell contends that the evidence was insufficient to convict him of a violation of OCGA § 40-6-391 (a) (5) because the State failed to prove an element alleged in the accusation. The accusation charged Mitchell with "driving with an unlawful alcohol concentration . . . by being in actual physical control of a moving vehicle while having an alcohol concentration of 0.10 grams or more at any time within three hours after such control, from alcohol consumed before such control ended . . . ." The statute makes it illegal for a "person . . . [to] be in actual physical control of any moving vehicle while . . . [t]he person's alcohol concentration is 0.10 grams or more at any time within three hours after such . . . being in actual physical control from alcohol consumed before such . . . being in actual physical control ended . . . ." OCGA § 40-6-391 (a) (5). The proof of alcohol concentration offered at trial was testimony that the result of Mitchell's blood test was ".10 grams," and the official report of the chemical analysis of Mitchell's blood, stating that his "blood is positive for ethyl alcohol 0.10 grams %."

Mitchell's argument to the trial court and on appeal is that the accusation's use of the words "alcohol concentration" imports into the accusation the statutory definition of that phrase, which is found in OCGA § 40-1-1 (1): " 'Alcohol concentration' means grams of alcohol per 100 milliliters of blood or grams of alcohol per 210 liters of breath." Thus, he argues that the State used an unnecessarily minute description of a necessary fact and, relying on *Walker v. State*, 146 Ga. App. 237 (1) (b) (246 SE2d 206) (1978), insists that the State

became obliged thereby to prove that unnecessarily minute description.

If the accusation had alleged an alcohol concentration of "0.10 grams of alcohol per 100 milliliters of blood," we would agree that the description was unnecessarily minute and that the State would be required to prove the entire allegation. However, the flaw in Mitchell's argument is that the State did not allege an unnecessarily minute description in the accusation. The accusation merely tracked the language of the statute under which Mitchell was charged (OCGA § 40-6-391 (a) (5)), which is sufficient (OCGA § 17-7-54; *Burgeson v. State*, 267 Ga. 102 (1) (475 SE2d 580) (1996)). Like the accusation, the testimony and other evidence of alcohol concentration were stated in the terms of the statute, which we also find to be sufficient. If Mitchell was concerned at trial that the evidence of the alcohol concentration of his blood was developed using some other measure than that mandated by the statute, it was incumbent upon him to explore that on cross-examination. In the absence of such questioning, and of evidence that the wrong measure was used, the evidence and testimony in the terms of the statute was adequate. Thus, the evidence cited above was sufficient to establish the alcohol concentration element of the offense, and along with evidence establishing the other elements, was sufficient to authorize a rational trier of fact to find Mitchell guilty of violating OCGA § 40-6-391 (a) (5). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Scott v. State*, 207 Ga. App. 533, 535 (428 SE2d 359) (1993).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 13, 1998.

*Monte K. Davis,* for appellant.

*Ralph T. Bowden, Jr.,* Solicitor, *Noah H. Pines, W. Cliff Howard,* Assistant Solicitors, *Thurbert E. Baker,* Attorney General, *Neal B. Childers,* Senior Assistant Attorney General, *Carol A. Callaway,* Assistant Attorney General, for appellee.